UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE JONES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICRON TECHNOLOGY INC., et al., <br><br> Defendants. | Case No. 18-cv-02518-JSW (KAW) <br><br> **ORDER REGARDING JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 103 |
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 18-cv-3805-JSW (KAW) <br><br> **ORDER REGARDING JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 52 |

The instant cases concern allegations that Defendants conspired to raise market prices for Dynamic Random Access Memory ("DRAM") products. DRAM is a semiconductor memory device that is used in digital electronics, including mobile phones, personal computers, tablets, and televisions. Plaintiffs represent two groups: direct purchasers ("DP"), who buy DRAM directly from Defendants, and indirect purchasers ("IP"), who buy the products that DRAM has already been incorporated into. The DP complaints have been consolidated into *In re Dynamic Random Access (DRAM) Direct Purchaser Antitrust Litigation*, Case No. 18-cv-3805 ("DP Case"), while the active IP case is *Jones v. Micron Technology, Inc.*, Case No. 18-cv-2518 ("IP Case").[1]

Pending before the Court are two identical discovery letters, in which Plaintiffs request that the Court: (1) compel Defendants to produce documents provided to any regulatory or

---

[1] There are currently three IP cases. On October 11, 2019, counsel in the three IP cases agreed to the consolidation of the cases into the *Jones* docket. (IP Case, Dkt. No. 105.)

governmental authority since January 1, 2017, specifically a Chinese investigation; and (2) compel the parties to promptly participate in a Rule 26(f) conference, or to produce the documents prior to the Rule 26(f) conference.[2]

**I.    DISCUSSION**

**A.    Production of Documents**

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." In deciding whether to allow early discovery, courts apply a good cause standard. *Twitch Interactive, Inc. v. Johnston*, Case No. 16-cv-3404-BLF, 2017 U.S. Dist. LEXIS 44863, at *5 (N.D. Cal. Mar. 27, 2017); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208 F.R.D. at 276.

The Court finds that Plaintiffs have not established good cause because they have not explained why they require expedited discovery. While Plaintiffs argue that other courts in this district "routinely order the production of antitrust investigation documents pending the filing of consolidated amended complaints," the fact that other courts permit such production does not establish why Plaintiffs require expedited discovery here. (*See* Discovery Letters at 2.) Similarly, arguments that the burden to Defendants is minimal does not establish good cause, as Plaintiffs must still establish that their need for expedited discovery outweighs any such burden. (*See id.* at 4.)

Moreover, the Court notes that in dismissing the IP Complaint's Sherman Act claims, the presiding judge specifically did not consider allegations regarding the Chinese investigation,

---

[2] Plaintiffs also request that the Court reset the date by which Plaintiffs are to file their amended complaints to forty-five days after the production of the documents. (Discovery Letters at 2.) In the referral order, the presiding judge stated that the deadlines for the IP amended complaint and DP consolidated complaint will be set after the undersigned "rules on the dispute outlined in the October 2, 2019 letter (namely, whether to compel production of certain documents or whether to order a Rule 25(f) conference)." (IP Case, Dkt. No. 104 at 3.) Therefore, the undersigned will not address the amended complaint deadline.

explaining that "[a]llegations concerning past or ongoing investigations are also not particularly helpful to suggest a contemporary conspiracy: the scope of an investigation is not always evident to the public or to the Court, and investigations that do not result in a finding of fact or admission suggest only that a government body believed a circumstance *appeared* suspicious." (IP Case, Dkt. No. 98 at 26-27.) Further, "allegations of investigations outside of the United States are fully unpersuasive: foreign laws may prohibit behavior that is lawful under § 1." (*Id.* at 27.) While Plaintiffs argue that other courts have permitted early discovery of documents provided to foreign investigatory bodies, Plaintiffs again do not explain why such discovery is warranted in this case.[3] Thus, for purposes of expedited discovery, the Court finds that Plaintiffs have failed to establish any need for the requested documents prior to the Rule 26(f) conference.

**B.     Rule 26(f) Conference**

Rule 26(f)(1) requires that "the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." At the Rule 26(f) conference, the parties must make their Rule 26 disclosures and devise a proposed discovery plan, taking into consideration "the nature and basis of their claims and defenses . . . ." Fed. R. Civ. P. 26(f)(2).

Plaintiffs request that Defendants be ordered to participate in a Rule 26(f) conference, arguing that because "the case has been pending for over a year, it is appropriate and efficient for the parties to hold a Rule 26(f) conference now." (Discovery Letters at 5.) Defendants respond that the current claims and defenses are not clear, as there is no operative complaint in the IP Case, and DP Plaintiffs have been ordered to file a consolidated complaint.

The Court finds that a Rule 26(f) conference is premature, particularly when the presiding judge will be setting briefing deadlines "on the expected motions to dismiss in the IP and DP cases." (IP Case, Dkt. No. 104 at 3.) Thus, even if the general subject matter of the cases is known, the pleadings and scope of the specific claims are not settled, making it premature to make disclosures and discuss a discovery plan. *See Zavala v. Kruse-Western, Inc.*, 2019 WL 3219254,

---

[3] In so finding, the Court's analysis is based on the standards for early discovery. The Court does not find that such documents are not relevant or that they may not be discoverable at a later stage.

3

at *2 (E.D. Cal. July 17, 2019) (denying motion to compel a Rule 26(f) conference because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear"); *Contentguard Holdings, Inc. v. ZTE Corp.*, Case No. 12cv1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (finding no good cause to require a Rule 26(f) conference because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses will be unclear. It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").

## II. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' request for expedited discovery or a Rule 26(f) conference.

IT IS SO ORDERED.

Dated: October 23, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4