UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) DIRECT PURCHASER LITIGATION | Case No. 4:18-cv-03805-JSW-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. No. 81 |

Now before the Court is Plaintiffs' second iteration and the fourth iteration overall of a complaint based on an alleged conspiracy by manufacturers of dynamic random access memory ("DRAM") to restrict output. The Court has twice dismissed allegations by indirect purchasers in *In re Dynamic Random Access (DRAM) Indirect Purchaser Litigation*, Case No. 4:18-cv-02518-JSW (filed on Apr. 27, 2018) (hereinafter, "Indirect Purchaser Litigation") and also dismissed the complaint by direct purchasers in this action. (Dkt. No. 119 ("MTD Order").) Because the Court has outlined the fact and law three times, it adopts the findings here. The remaining question is whether Plaintiffs have remedied the previously-identified defect: lack of allegations that push the inference of conspiracy from the "possible" to the "plausible."

On balance, they have not. As explained before, the DRAM manufacturers operate in an oligopolistic market, which inherently tends towards "conscious parallelism": market participants "coordinate" to their actions set prices above competitive levels by making decisions "in part on the anticipated reaction of their competitors." *In re Musical Instr. & Equip. Antitrust Litig.*, 798 F.3d 1186, 1193 (9th Cir. 2015); *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209 227 (1993). The Supreme Court has decided that this conduct is not illegal. *See Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-54 (2007). Thus, what is needed are "plus factors" that are "largely inconsistent with unilateral conduct but largely consistent with *explicitly* coordinated action." *Musical Instruments*, 798 F.3d at 1194 (emphasis added).

The Court has previously rejected much of Plaintiffs' plus factor analysis. Plaintiffs' amendments on this iteration focus on deleting allegations showing that Defendants' statements about competitors arose from analyst questions. (Dkt. No. 86 ("Opp.") at 7 n.5.) Even without the context, however, the statements suggest only a desire for "rational" or supracompetitive pricing, not conspiracy to maintain particular price levels. (Dkt. No. 80 ("CAC") ¶ 62, 67, 84.) Plaintiffs also add allegations about a confidential witness, a former Samsung executive, who leaked price information to assure that competitors would not fear being undercut. (*id*. ¶ 73.) As previously explained, this is only half of a conspiracy: absent allegations that competitors followed suit, the allegation shows only a failed attempt. Ultimately, the complaint read as a whole shows only a "follow-the-leader" pattern based on Samsung's unilateral decision to stop competing on market share in 2016, after it had unprofitably created excess supply in 2014.[1] (*See id.* ¶¶ 55, 58, 72-75.)

That leaves the economic data. Plaintiffs again cite data showing reduced price variation beginning in 2014. (*Id*. ¶ 197.) Although they now add allegations about higher price variation in 2010, the graph is self-explanatory: it shows that prices converged long before the Class Period. (*Id*. ¶¶ 200-01.) The operating margin data similarly shows only the ruinous effects of Samsung's supply strategy, which depressed margins between 2015 and 2016, rather than a radical change from 2014 to 2017. (*Id*. ¶ 203.) And the comparison to the NAND market remains dissimilar. Although the products and concentration levels are comparable, their margins exhibit different patterns and do not show the "dip" in 2015. (*Id*. ¶¶ 209-12.)

Accordingly, there is nothing new in the complaint. The allegations read holistically suggest conscious parallelism and a follow-the-leader strategy, rather than conspiracy. For that reason, the Court GRANTS Defendants' motion to dismiss without leave to amend. A separate judgment shall issue, and the Clerk is directed to close the file.

---

[1] Although Micron had encouraged a "more rational industry" prior to Samsung's decision, it had allegedly been doing so for a year before Samsung stopped competing. (*See id*. ¶¶ 62, 72.)

**IT IS SO ORDERED.**

Dated: September 3, 2021

_____
JEFFREY S. WHITE
United States District Judge